UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JACK M. WILLIAMSON,

Appellant,

v.                    608CV097

OFFICE OF THE UNITED STATES
TRUSTEE, DONALD F. WALTON, UNITED
STATES TRUSTEE, REGION 21,

Appellee.

ORDER

I.      INTRODUCTION

This appeal arises from the bankruptcy of Jack Williamson, who challenges the bankruptcy court's conversion of his Chapter 12 case to Chapter 7, and its contemporaneous denial of his motion to dismiss the case. Williamson contends that the conversion ruling was premature, as his prior-filed motion to dismiss the case should have been addressed (and granted) before the Court addressed the later-filed motion to convert.

II.     FACTUAL BACKGROUND

In 2007, Williamson filed a voluntary petition for bankruptcy under Chapter 12. On 6/19/08, he filed a Motion to Voluntarily Dismiss the case. R. # 8.[1] The following day, in response, the Office of the United States Trustee and two lenders in the case filed objections to the motion. R. ## 10, 11, 12. Additionally, the trustee moved to convert the case to Chapter 7 pursuant to 11 U.S.C. § 1208(d), which authorizes such a conversion upon a showing that the debtor committed fraud in connection with the case. R. ## 10, 15.

On 7/18/08, the bankruptcy court held an evidentiary hearing and heard arguments on the two motions. The court determined that Williamson's "instances of concealment, false statements, and omissions ... collectively evidence[d] an intent to manipulate the bankruptcy process" and amounted to fraud on the Court and his creditors, presenting a "text-book case for conversion under § 1208(d)." R. # 17 at 11-12. Accordingly, the court granted the trustee's motion to convert the case to a Chapter 7 proceeding. Because of the conversion due to fraud, the court, citing § 1208(b)'s prohibition of voluntary dismissals following a conversion to Chapter 7, denied Williamson's pending motion to dismiss. Williamson appeals the bankruptcy court's decision. R. ## 18, 19.

III.    ARGUMENTS ON APPEAL

Williamson argues that pursuant to the express language of 11 U.S.C. § 1208(b), so long as his Chapter 12 case had not yet been converted to another chapter, he had an "unqualified right for immediate dismissal" of his case upon the filing of his motion to dismiss. Doc. # 3 at 6. As a result, he claims, the bankruptcy court erred by granting the trustee's later-filed motion to convert – thereby foreclosing his right to dismiss – before it addressed his motion to dismiss. He additionally argues that the bankruptcy court "erred in failing to consider [his] status as a statutorily-defined 'farmer' pursuant to 11 U.S.C. § 101(20) [before deciding to convert his] Chapter 12 bankruptcy case to a case under Chapter 7." Id.

A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. See Fed.R.Bankr.P. 8013; *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1322

---

[1] This Court cites the bankruptcy court Record as "R. # ---," and its own 608CV97 file Docket Entries as "Doc. # ---."

(11th Cir. 1995).[2] Conclusions of law, however, are reviewed *de novo*. *Id.*

The particular subsections of § 1208 at issue state:

> (b) On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.
>
> ...
>
> (d) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case.

11 U.S.C.A. § 1208(b) & (d). It is undisputed that the conversion of a case to another chapter pursuant to § 1208(d) forecloses the debtor's right to dismissal under § 1208(b) (because the case is no longer governed by the provisions of Chapter 12). The dispute here, however, arises over timing: whether a court must grant a debtor's motion for dismissal immediately upon its filing, or whether a court may first grant a motion to convert the case to Chapter 7, despite the fact that the motion to convert was filed after the debtor's motion to dismiss.

Noting that there has been some disagreement on the issue, the bankruptcy court adopted the prevailing view. Most courts have held – albeit with slight variations in reasoning – that where a court determines that a Chapter 12 debtor has committed fraud relating to his case, the court may convert his case to Chapter 7, notwithstanding the fact that the debtor has already filed a motion to dismiss. *See Graven v. Fink (In re Graven)*, 936 F.2d 378 (8th Cir. 1991); *Cromer Farms v. Ty Ty Peanut Company, Inc. (In re Cromer Farms, Inc.)*, 2000 WL 33740256 (Bankr. M.D. Ga. 7/18/00); *Neal v. W. Farm Credit Bank (In re Neal)*, 181 B.R. 560 (D. Utah 1995); *In re Red Cliff Farms, Inc.*, 1994 WL 324560 (D. Kan. 6/23/94); *Foster v. North Texas Production Credit Association (In re Foster)*, 121 B.R. 961 (N.D. Texas 1990), *aff'd*, 945 F.2d 400 (5th Cir. 1991), *cert. denied*, 502 U.S. 1074 (1992); *see also In re Goza*, 142 B.R. 766 (Bankr. S.D. Miss. 1992).

In the foundational case addressing this issue, *In re Graven*, the Eighth Circuit determined that a court need not immediately act on a debtor's § 1208(b) motion to dismiss, but instead may delay addressing it until after considering a later-filed motion to convert alleging fraud. 936 F.2d at 385. Thus, a court may grant a trustee's motion to convert notwithstanding the debtor's pending motion to dismiss, and *then* deny the motion to dismiss on the grounds that subsection (b) prohibits a debtor's dismissal of his case once it has been converted. *Id.* at 385. Despite acknowledging that "section 1208(b) appears to mandate dismissal upon request of the debtor-farmer," the *Graven* court highlighted the fact that "[t]he express language of 11 U.S.C. §§ 1208(b) and (d) indeed raises a potential conflict." *Id.* at 384-85. The court explained that subsection (b) should be interpreted in light of § 1208 as a whole:

> When interpreting a statute we look not only to the express language, however, but also to the overall purpose of the act. The Supreme Court has directed that we not "construe statutory phrases in isolation." We must also consider "the design of the statute as a whole and ... its object and policy."

---

[2] As Williamson has not raised the bankruptcy court's finding of fraud as an issue for appeal, he concedes the existence of fraud relating to his case. *See* doc. # 3 at 12 (acknowledgement by Williamson that his "indiscretions in the bankruptcy were blatant").

2

*Id.* at 385 (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). The *Graven* court explained that interpreting § 1208(b) to afford an absolute right to dismissal would "completely undermine the express authority Congress granted the courts under section 1208(d) and would render that subsection useless." *Id.* Thus, the court concluded, as "nothing in subsection (b) requires that a court act immediately upon a debtor's request for a voluntary dismissal," a court may convert a case pursuant to subsection (d) upon a showing of fraud, notwithstanding the debtor's motion to dismiss. *Id.* at 385-86.

Williamson emphasizes the split of authority on this issue and claims that the bankruptcy court aligned itself with the wrong interpretation. Doc. # 3 at 11. He argues that "the language of § 1208(b) is unambiguous" and "provides a Chapter 12 debtor an unqualified right for immediate dismissal." *Id.* at 9, 11. He claims that since the subsection is unambiguous, "statutory interpretation rules [mandate that] … the court is to look no further" – not even to other subsections within the same code section that may conflict. *Id.* at 11. He further argues that this literal interpretation of § 1208(b) is consistent with and does not affect the application of § 1208(d).[3]

In urging the Court to adopt the countervailing view, Williamson cites to the Ninth Circuit's decision in *In re Davenport*, 175 B.R. 355 (Bankr. E.D. Cal. 1994), which is one of the few cases – if not the only case – to hold that, even in the face of fraud by a Chapter 12 debtor, a bankruptcy court is bootstrapped by the debtor's motion to voluntarily dismiss if the debtor files that motion before another party files a motion for conversion.[4] *Davenport* focused on subsection (b)'s plain language, stating that "[t]here is perhaps no less ambiguous word than 'shall.' 'Shall' implies a command." 175 B.R. at 358.

The construction adopted in *Davenport* fails to give sufficient weight to the necessary interaction of subsection (b) with other subsections, and is not favored as it creates a "race to the courthouse" mentality; once suspicions or allegations of fraud arise, the trustee or creditors must beat the debtor to the courthouse and file their motion to convert, for if the debtor, armed with a motion to dismiss, arrives first, the court will be stripped of its discretion to hear the parties' claims, as the case would be immediately dismissed despite the debtor's fraud. And "[t]o allow a Chapter 12 debtor to immediately dismiss a case after working a fraud upon the

---

[3] In particular, Williamson explains that if a party in interest moves for § 1208(d) conversion prior to the debtor's filing of a § 1208(b) motion to dismiss, then the court could render a decision on the § 1208(d) motion "retroactive[ly] to the date of filing the § 1208(d) motion. Therefore, the case would have been converted to a Chapter 7 prior to a § 1208(b) motion to dismiss being filed" and the § 1208(b) motion would be moot as the case would already have been converted. Doc. # 3 at 12. Nonetheless, this construction is of no aid in the case at hand, as it requires that the § 1208(d) conversion motion be filed prior to the § 1208(b) motion, which did not occur here.

[4] *Davenport* has recently suffered a weakening indirect blow by the Ninth Circuit. The bankruptcy court in *Davenport* expressly based much of its reasoning on *In re Beatty*, 162 B.R. 853 (9th Cir. BAP 1994). 175 B.R. at 360 ("*In re Beatty* [cit.] persuades the court that a debtor's right to dismiss under § 1208(b) is correctly determined superior to a … motion to convert under § 1208(d). In *Beatty*, the Appellate Panel addressed the identical issue presented in this case – except in the context of a Chapter 13 case."). The Ninth Circuit, however, recently expressly abrogated *Beatty* following the Supreme Court's holding in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), which limited a Chapter 7 debtor's right to convert where bad-faith or abuse of the bankruptcy process is evident. *Rosson v. Fitzgerald* (*In re Rosson*), 545 F.3d 764, 773 (9th Cir. 2008) ("[I]t is clear that … *Beatty* too is no longer good law, insofar as it holds that a Chapter 13 debtor has an absolute right to dismiss under § 1307(b)."). As a result, *Davenport*, and therefore Williamson's argument based on it, may be of questionable strength.

3

bankruptcy court would render § 1208(d)'s conversion provisions essentially meaningless." *In re Neal*, 181 B.R. at 562.

Weighing most heavily against Williamson's interpretation is the fact that the Eleventh Circuit has addressed the absoluteness of a debtor's right to dismiss under § 1208(b), albeit in a case that is factually distinguishable from the present one. *See In re Cotton*, 992 F.2d 311, 312 (11th Cir. 1993). Despite the factual variation, however, its holding fully supports the bankruptcy court's decision here.

In *Cotton*, the debtor, who had discovered that the terms of his proposed settlement agreement with a bank were unfavorable, had moved pursuant to § 1208(b) to dismiss his case prior to the court's approval of the agreement. The bankruptcy court relied upon *Graven* in delaying action on the debtor's § 1208(b) motion until after it held a hearing where it deemed the agreement binding. The Eleventh Circuit rejected the court's reliance on *Graven*, but only because the debtor in *Cotton* had not committed fraud, which the circuit court deemed crucial to the *Graven* court's holding allowing a court to delay addressing a § 1208(b) motion. *See id.* at 313 ("But [*Graven*] involved charges of fraud which the court *was entitled to consider before* entering a dismissal.") (emphasis added). The Eleventh Circuit held that "the debtor does have a right to immediate dismissal, *provided that* the case has not been converted to an involuntary proceeding and *the debtor has not engaged in fraud that would make immediate dismissal unjust.*" *Id.* at 312 (emphasis added).

Even if the language regarding fraud were considered dicta, as Williamson suggests,[5] and not part of the controlling holding by the Eleventh Circuit, this Court finds it nonetheless to be a strong indicator of the Eleventh Circuit's approval of the *Graven* holding and its application in cases with similar facts. Thus, *Cotton* does nothing less than support a court's ability, upon a finding of fraud, to convert a Chapter 12 case to Chapter 7 and thereby foreclose the debtor from success on his prior-filed motion to dismiss.

Further supporting this prevailing interpretation is the overall purpose of the bankruptcy code: "to protect the honest debtor, not to provide a shield for those who exploit the code's protection then seek to escape judicial authority when their fraudulent schemes are exposed." *Graven*, 936 F.2d at 385. The Middle District of Georgia, in holding that a debtor's right to voluntarily dismiss his Chapter 12 case is not unlimited, reasoned that "[i]t was not Congress's intent in enacting § 1208(b) of the Code that Chapter 12 become 'a frequently traveled thoroughfare for the unscrupulous seeking to hinder, delay and defraud their creditors.'" *In re Cromer Farms*, 2000 WL 33740256, at *1 (quoting *In re Goza*, 142 B.R. at 771). Thus, bankruptcy courts must retain some ability to prevent deceitful debtors from abusing the bankruptcy process, particularly Chapter 12. Subsection 1208(d) provides courts with an effective tool to prevent abuse of subsection 1208(b), and it should not be interpreted in a way that renders it useless every time a sly debtor wins the race to the courthouse.

For all these reasons the Court finds ample support for the bankruptcy court's decision to

---

[5] Williamson zealously attempts to convince this Court that the Eleventh Circuit, in *Cotton*, "recognize[ed that] (1) 11 U.S.C. § 1208(b) is unambiguous; and (2) a chapter 12 debtor has a right to immediate dismissal." Doc. # 3 at 14 (citations omitted). This interpretation is incomplete, however. Throughout his argument, Williamson acknowledges only in passing the important fact that the Eleventh Circuit's qualifying language limited its holding only to situations with an absence of debtor fraud. *See id.* at 10 (parenthetical following *Cotton* citation states that the case "recognize[s] § 1208(b)'s language is unambiguous and provides for immediate dismissal").

4

delay addressing Williamson's § 1208(b) motion to dismiss until after addressing the trustee's later-filed § 1208(d) motion to convert alleging fraud in the case.

Finally, Williamson also alleges error in the bankruptcy court's failure to consider his status as a farmer before it converted his case from Chapter 12 to Chapter 7. Because he qualifies as a farmer pursuant to 11 U.S.C. § 101(20), he argues, the bankruptcy court should not have "converted [his case] to a case under Chapter 7 without [his] consent." Doc. # 3 at 15. He claims that "the Bankruptcy Code, as a whole, prohibits statutorily-defined farmers from being forced or even ordered into a Chapter 7 bankruptcy." *Id.* at 14.

In support of his argument, Williamson cites 11 U.S.C. § 1112(c), which states that a court may not convert a farmer's Chapter 11 case to a Chapter 7 case without the farmer's consent. He also cites U.S.C. § 303(a), which states that an involuntary Chapter 7 or 11 case may not be commenced against a farmer. He then stretches to argue that, as Chapter 12 is "a Code Section specifically reserved for farmers," §§ 1208(b) and (d) should be interpreted consistent with §§ 1112(c) and 303(a) such that a farmer-debtor's motion to dismiss should be granted "over subsequent objection to dismissal and request for conversion to a Chapter 7." *Id.* at 15-16.

After reviewing the argument, the Court finds no merit in Williamson's contention that these code sections protect him from conversion here. The code sections Williamson cites are from entirely separate chapters from those governing his case. Simply because a statute prohibits a bankruptcy court from converting a farmer's *Chapter 11* case to one in Chapter 7 in no way implies that the same protection applies to farmers in *Chapter 12* cases. Moreover, simply because involuntary cases under Chapters 7 and 11 could not have been commenced against him does not mean his voluntarily filed Chapter 12 case cannot be converted to Chapter 7 pursuant to a code section (§ 1208(d)) specifically permitting such conversion. The Court therefore finds that Williamson's arguments for special protection due to his farmer status lack merit in this context.

IV. **CONCLUSION**

For all the foregoing reasons, the Court *AFFIRMS* the bankruptcy court's conversion of the Chapter 12 case to Chapter 7 and its subsequent refusal to grant the debtor's § 1208(b) motion to dismiss.

This day of 4 March 2009.

*B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5